**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

OLUWOLE A. OTUDEKO,

      Plaintiff,

      v.

TOPEKA PUBLIC SCHOOLS, USD-501,
et al.,

      Defendants.

Case No. 24-4082-DDC-RES

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees and Cost.  ECF No. 3.  For the reasons explained below, the Magistrate Judge recommends that the District Judge deny the Motion and direct Plaintiff to pay the filing fee within thirty days of an order on this Report and Recommendation.

28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

According to the affidavit of financial status Plaintiff submitted, Plaintiff is currently employed as a substitute teacher and has a positive net monthly income of $158.00 after accounting for all expenses Plaintiff listed.  ECF No. 3 at 2-5.  Plaintiff does not have a spouse or dependents.

*Id.* at 1-2.  Plaintiff owns a car outright and has a substantial amount of equity in a home.  *Id.* at 3-5.  Plaintiff has $1,800.00 cash on hand, which is more than enough to fully pay the $405 filing fee.  *Id.* at 4.

Plaintiff has not established an inability to pay the filing fee.[1]  As such, the Magistrate Judge recommends that the District Judge deny the Motion and direct Plaintiff to pay the filing fee within thirty days of an order on this Report and Recommendation.  The Magistrate Judge further recommends that the District Judge caution Plaintiff that failure to pay the filing fee by the deadline will likely result in the dismissal of this case without prejudice.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy.  If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: August 30, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

---

[1]    *See, e.g., Epson v. Astrue*, No. 08-2349-CM, 2008 WL 4083013, at \*1 (D. Kan. Aug. 29, 2008) (affirming a report and recommendation that recommended denying in forma pauperis status where the plaintiff's affidavit demonstrated a positive monthly income, equity in a house, and car ownership unencumbered by debt despite "little cash on hand").