IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

O.A.O.,[1]

    Plaintiff,

v.

TOPEKA PUBLIC SCHOOLS, USD-501, et al.,

    Defendants.

Case No. 24-4082-DDC-RES

### MEMORANDUM AND ORDER

Before the court are plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3) and United States Magistrate Judge Rachel E. Schwartz's Report and Recommendation (Doc. 6). Judge Schwartz recommended that the court deny plaintiff's motion and direct plaintiff to pay the filing fee within 30 days of the court's decision. Doc. 6 at 1.

Plaintiff was notified about the Report and Recommendation via CM/ECF. The docket reflects that plaintiff hasn't objected to the Report and Recommendation. And, it reflects that plaintiff paid the $405 filing fee soon after the Report and Recommendation issued. Now, the court reviews and affirms Magistrate Judge Schwartz's Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Absent any objection, the court "may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district

---

[1]     The court makes all of its Memoranda and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of claimants seeking to proceed *in forma pauperis* (IFP), it has decided to caption these opinions using only plaintiff's initials.

court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); Fed. R. Civ. P. 72 advisory committee's note (b) to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Aragon v. U-Haul Co. of Colo.*, 550 F. Supp. 3d 933, 934–35 (D. Colo. 2021) (reviewing magistrate judge's recommendation under "any standard" concluding there was no clear error on the face of the record). Here, Judge Schwartz's Order reveals no clear error "on the face of the record."

Title 28 U.S.C. § 1915(a)(1) authorizes courts to permit a plaintiff to commence an action without prepayment of fees under certain conditions. The court has "wide discretion" to grant or deny motions to proceed without prepayment, or in forma pauperis (IFP). *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (quotation cleaned up). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees[.]" *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted).

Judge Schwartz correctly concluded that plaintiff failed to make the requisite showing. Plaintiff is employed, has a positive (though small) net monthly income, owns a vehicle, has substantial equity in a home, and has some cash on hand. Doc. 6 at 1–2; Doc. 3-1 at 2–5. And the docket reflects plaintiff now has paid the filing fee. So, Judge Schwartz correctly recommended the court deny plaintiff's motion. *See Lister*, 408 F.3d at 1312 (requiring an IFP claimant to "show a financial inability to pay the required filing fees"); *Protheroe v. Masarik*, No. 18-2128-JAR-TJJ, 2018 WL 3213322, at *1 (D. Kan. Apr. 12, 2018) (considering plaintiff's income, expenses, spouse's income, and ownership of vehicles and home in recommending denial of IFP status), *report and recommendation adopted*, 2018 WL 2113235 (D. Kan. May 8, 2018); *Scherer v. State*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006)

(collecting cases and explaining that "federal courts have historically looked to assets such as equity in real estate and automobiles in determining eligibility for IFP status").

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation (Doc. 6) issued by United States Magistrate Judge Rachel E. Schwartz on August 30, 2024, is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

**Dated this 13th day of December, 2024, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**