IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLUWOLE A. OTUDEKO,

                Plaintiff,

v.

TOPEKA PUBLIC SCHOOLS, et al.,

                Defendants.

Case No. 24-4082-DDC-RES

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Oluwole A. Otudeko has sued seven defendants for employment discrimination, and he's spent months trying to serve them. Plaintiff asserts that he's properly served the five individual defendants, yet they haven't responded. So, he's moved for a default against them. Doc. 28.[2] Defendants respond that plaintiff's efforts to serve don't comply with the governing legal standards. Defendants thus oppose plaintiff's motion for default, move to

---

[1]     Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[2]     In the motion, plaintiff moves "for Default and Default Judgment[.]" Doc. 28 at 1. Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, a plaintiff "may apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, plaintiff asks for both. But he's not entitled to either, as this Order explains.

strike plaintiff's purported returns of service, and ask the court to dismiss plaintiff's claims. Doc. 37.

The court agrees with defendants. Plaintiff hasn't served any of them properly. The court thus quashes plaintiff's purported service of defendants. Without proper service, the court lacks personal jurisdiction over the defendants. And so, it denies plaintiff's Motion for Default (Doc. 28). The court also declines to give plaintiff more time to serve defendants. He's had plenty. And, even if the court gave plaintiff more time to effect proper service, it would prove futile. The court thus dismisses plaintiff's claims without prejudice for failure to serve.

The court explains these conclusions, below.

## I.     Background

Plaintiff filed this lawsuit in August 2024, alleging defendants discriminated against him, violating Title VII and the Age Discrimination in Employment Act (ADEA). Doc. 1 at 1. The court liberally construes plaintiff's Complaint to assert claims for discrimination, retaliation, and defamation. *Id.* at 3, 8. And plaintiff has sued the following seven defendants: (1) Topeka Public Schools; (2) Topeka High School; (3) Paula Riley, (4) Chloey Hixson, (5) Shane Miles, (6) "Mrs. Hixson,"[3] and (7) Rebecca Morrissey. *Id.* at 1, 7.

For months, Magistrate Judge Rachel E. Schwartz has urged plaintiff to serve defendants properly. She's also warned plaintiff—many times—that a failure to effect service in a timely fashion could result in dismissal of his claims without prejudice. The first warning came in Decmember 2024 after plaintiff's November 2024 attempts at service failed. *See, e.g.*, Doc. 20;

---

[3]     Though plaintiff's Complaint doesn't give this defendant a first name, a subsequent filing suggests that her name is Jennifer Hixson. Doc. 27 at 2. Defendants' filing confirms as much. Doc. 37 at 1. The court thus refers to this defendant as Jennifer Hixson in the remainder of this Order.

Doc. 24 at 4; Doc. 31.  Judge Schwartz has given plaintiff many extensions of time to serve defendants properly.  Doc. 24 at 4; Doc. 26; Doc. 29; Doc. 31.

After these many months, in March 2025, plaintiff filed a "Summons Returned Executed" for the five individual defendants:  Rebecca Morrissey, Jennifer Hixson, Chloey Hixson, Paula Riley, and Shane Miles.  Doc. 27.  It's a strange filing.  The document looks like the Postal Service Tracking website, with odd-looking signatures and each defendant's name written above that odd signature.  And it alleges that service was completed on February 3, 2025.  Here's a sample:



Doc. 27 at 1.  This same signature appears for Jennifer Hixson, *id.* at 2, and Chloe Hixson, *id.* at 3.  The business-records custodian for the school district submitted an affidavit, explaining that the signature for these three defendants "may be the signature of a receptionist at Topeka High

3

School." Doc. 37-3 at 1 (Williams Aff. ¶ 5). Plaintiff also filed this signature and labeled it Paula Kelly:



Doc. 27 at 4. The business-record custodian testified that this signature appears to belong to Candelavia Gonzalez, a paraprofessional. Doc. 37-3 at 1 (Williams. Aff. ¶ 6). And plaintiff filed the below allegedly demonstrating service of Shane Miles:

4

Doc. 27 at 5. This filing admits that the summons for Shane Miles was returned to plaintiff unopened. *Id.*

In sum, none of the signatures on plaintiff's purported service match the name of the individual defendants, so he hasn't served them personally. Plaintiff nonetheless moved for default, asserting that the "deliveries have been signed for but the defendants have failed to respond[.]" Doc. 28.

The service filing's fog begins to lift when one considers the evidence defendants have submitted. None of the individual defendants actually signed for the service envelope. Doc. 37-1 at 1 (Reilly Aff. ¶ 2); Doc. 37-2 at 1 (J. Hixson Aff. ¶¶ 2, 3); *id.* at 9 (Morrisey Aff. ¶ 2); Doc. 37-4 at 1 (Miles Aff. ¶ 2). Plaintiff mailed the summons to various school buildings, and some of the defendants received envelopes. But none of these defendants live at the school building. Doc. 37-1 at 1 (Reilly Aff. ¶¶ 2,4); Doc. 37-2 at 1 (J. Hixson Aff. ¶¶ 2, 5); *id.* at 9 (Morrisey Aff. ¶¶ 2, 4). What's more, none of these five individual defendants ever received a copy of plaintiff's Complaint. Doc. 37-1 at 1 (Reilly Aff. ¶ 2); Doc. 37-2 at 1 (J. Hixson Aff. ¶¶ 2, 4); *id.* at 9 (Morrisey Aff. ¶ 2); Doc. 37-4 at 1 (Miles Aff. ¶ 2).

After still more time and warnings from Judge Schwartz, in March 2025, plaintiff filed proof that he'd served Topeka Public Schools and Topeka High School. Doc. 32; Doc. 33. According to the school's business-record custodian, a package appeared at the Topeka Unified School District's administrative building, and whoever signed for the package isn't authorized to receive service for the school district. Doc. 37-3 at 1–2 (Williams Aff. ¶ 7–9). The business-records custodian also testified that the package delivered did not contain a copy of the Complaint. *Id.* (Williams Aff. ¶¶ 7, 8).

Defendants now have moved to strike plaintiff's returns of service.[4]  Doc. 37 at 1. Defendants ask that the court not give plaintiff additional time to serve.  *Id.*  They also ask the court to deny plaintiff's request for default.  *Id.*  And they argue for dismissal of plaintiff's claims.  *Id.*  The court evaluates these requests, below, starting with the governing legal standard.

## II.     Legal Standard

A court can't exercise personal jurisdiction over a defendant unless the plaintiff has served process validly under Fed. R. Civ. P. 4.  *See Riddle v. Wichita Pub. Schs., Unified, Sch. Dist. No. 259*, No. 04-1400-MLB,[5] 2005 WL 1563444, at *1 (D. Kan. June 30, 2005); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994).  Plaintiff bears the burden of proving valid service.  *See, e.g.*, *Oltremari*, 871 F. Supp. at 1349.  The court begins with the legal standards governing service of individuals, then recites the standards governing service of government entities.

Rule 4(e) provides the appropriate methods for serving process on individuals located in the United States.  Under this Rule, the plaintiff must serve an individual by:

> (1) following state law for serving a summons . . . in the state where the district court is located or where service is made; or (2) doing any of the following:  (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with

---

[4]     Defendants have moved to strike without citing a particular Federal Rule of Civil Procedure granting the court authority to strike a return of service.  Rule 12(f) allows the court to strike things from pleadings, but a return of service isn't a pleading.  *See* Fed. R. Civ. P. 7(a).  Instead of *striking* improper service-of-process filings, courts typically *quash* service of process.  *See* 5B *Wright & Miller's Federal Practice & Procedure* § 1354 (4th ed. 2025).  The court concludes that this difference is a semantic one that doesn't affect the court's capacity to resolve the motion.

Defendants also ask the court to dismiss plaintiff's claims.  Doc. 37 at 1.  But it's not clear which Rule of Civil Procedure defendants have invoked.  *See generally* Doc. 37.  Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process.  And, if plaintiff hasn't served a defendant properly, then the court lacks personal jurisdiction over that defendant.  Rule 12(b)(2) allows defendants to move to dismiss for lack of personal jurisdiction.  The court thus interprets defendants' motion as one under Rule 12(b)(5) and Rule 12(b)(2).

[5]     Westlaw incorrectly lists this case number as No. 04-1400-MBL.

> someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, under Rule 4, a plaintiff may serve individuals who are defendants using any one of three distinct processes specified in Rule 4, or by processes recognized under Kansas state law. *See Davenport v. Wal-Mart Stores, Inc.*, No. 14-CV-2124-JAR-JPO, 2014 WL 3361729, at *2 (D. Kan. July 9, 2014). So, the court must examine Kansas law governing service on individuals.

Under Kansas state law, service via return receipt mail is secured "upon the delivery of the sealed envelope." Kan. Stat. Ann. § 60-303(c)(3). And Kansas requires plaintiffs to serve individuals directly or through service on an agent authorized to receive service on the individual's behalf. *Id.* § 60-304(a). "Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address." *Id.* If (and only if) this approach fails because the service via return receipt was refused or goes unclaimed, a plaintiff then may serve an individual via a known business address. *Id.*

Plaintiff also has sued two government bodies, the "Topeka Public Schools" and Topeka High School. Under the federal rules, a plaintiff can serve a state-created governmental organization by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Kansas law, plaintiff can serve process on a governmental body "by serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof[.]" Kan. Stat. Ann. § 60-304(d)(4).

Kansas law recognizes that parties may struggle to follow its service rules to the letter. So, Kansas law permits a party to discharge its service of process obligation by showing "substantial compliance" with its service laws. Kan. Stat. Ann. § 60-204 provides:

> Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.

The Kansas Supreme Court has defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (quotation cleaned up).

Whether the *federal* rules permit service by substantial compliance with Rule 4 is a slightly different question. "Unlike Kansas law, the federal rules do not provide that substantial compliance with the requirements for service of process is sufficient." *Miller v. Kan. Dep't of Children & Families*, No. CV 25-2145-KHV, 2025 WL 3033479, at *3 n.4 (D. Kan. Oct. 30, 2025). Our Circuit nonetheless has opined that "the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice." *Kitchens v. Bryan Cnty. Nat'l Bank*, 825 F.2d 248, 256 (10th Cir. 1987) (quotation cleaned up). And our court has opined that this "relaxed standard appears to excuse only technical deficiencies such as service of incomplete documents or the failure to include a due date for a responsive pleading." *Miller*, 2025 WL 3033479, at *3 n.4 (collecting cases).

One last legal standard matters to the analysis here: If a plaintiff manages to serve a defendant, the Federal Rules of Civil Procedure also provide that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Next, the court applies these standards.

### III.     Analysis

Defendants challenge plaintiff's attempted service on several fronts. The court begins with the individual defendants, evaluating plaintiff's attempt to comply with federal and state service provisions. It then does the same for the government defendants. The court then downshifts to address substantial compliance. After concluding that plaintiff hasn't complied substantially with the standards governing service, the court then decides what to do about it.

#### A.     Service

Start with the individual defendants. Defendants first argue that plaintiff didn't comply with the options under Rule 4(e)(2). The court agrees. Plaintiff didn't "deliver[] a copy of the summons and of the complaint to the individual personally[.]" Fed. R. Civ. P. 4(e)(2)(A). He didn't "leav[e] a copy of each at the individual's dwelling or usual place of abode[.]" Fed. R. Civ. P. 4(e)(2)(B). And he didn't "deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(e)(2)(C).

Nor has plaintiff complied with the other service option—Kansas law—for these individual defendants. Plaintiff tried to use return receipt delivery. This option requires plaintiff to address the delivery to "the individual's dwelling or usual place of abode[.]" Kan. Stat. Ann. § 60-304(a). Plaintiff attempted to serve the individual defendants at their place of work—*i.e.*, Topeka school buildings. But plaintiff can serve a defendant at a business address only after service at the individual's dwelling or usual place of abode fails. Here, nothing in the record suggests that plaintiff tried—and failed—to serve the individual defendants at their dwellings.

Plaintiff also has failed to serve the government defendants properly. The federal rules require delivery of the summons and complaint to a government entity's chief executive officer. Fed. R. Civ. P. 4(j)(2). That hasn't happened. Kansas law requires service to a governmental body's clerk or secretary. Kan. Stat. Ann. § 60-304(d)(4). "As interpreted by Kansas courts,

9

'the clerk or secretary refers to someone with executive authority for the governmental entity, rather than a clerical employee.'" *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645 F. Supp. 3d 1177, 1180 (D. Kan. 2022) (quoting *Young v. Turner Unified Sch. Dist. No. 202*, 293 P.3d 816, 2013 WL 518315, at *1 (Kan. Ct. App. 2013)). Instead, plaintiff merely mailed an envelope to the school's administrative office. Indeed, the school's business-records custodian has testified that the signatures shown in plaintiff's service of process don't belong to the clerk authorized by the school district to accept service. Doc. 37-3 at 2 (Williams Aff. ¶ 9).

What's more, as all defendants point out, plaintiff hasn't served any defendants with a copy of the Complaint. Doc. 37 at 4. This violates Rule 4(c)(1), which requires a plaintiff to serve a summons with a copy of the complaint.

In sum, plaintiff hasn't complied with the federal rules or state law governing service of process. But has he substantially complied with the process they require?

### B. Substantial Compliance

Beginning with the federal rules, our court has phrased the substantial-compliance standard this way: federal courts "excuse only technical deficiencies such as service of incomplete documents or the failure to include a due date for a responsive pleading." *Miller*, 2025 WL 3033479, at *3 n.4. Here, plaintiff didn't deliver any summons to the right place or on the right person. And he didn't include a copy of the Complaint. The court thus concludes that plaintiff hasn't complied substantially with Rule 4. *See id.* (concluding plaintiff didn't comply substantially with Rule 4 where she attempted to serve individual defendant by mail at his business address).

Nor has plaintiff substantially complied with the options provided by Kansas state law for service of process. For the individual defendants, "a plaintiff does not substantially comply with K.S.A. § 60-304(a) where he serves an individual at his or her business address without first (1)

10

demonstrating that service was refused or unclaimed at the defendant's dwelling place, and (2) filing a return of service stating such." *Moore v. Univ. of Kansas*, No. 17-CV-02359-JAR-GLR, 2017 WL 4422649, at *3 (D. Kan. Oct. 5, 2017). Plaintiff hasn't fulfilled either requirement. For the government defendants, plaintiff attempted to serve by mailing envelopes to the school's office. But Kan. Stat. Ann. § 60-304(d) requires plaintiff to serve the clerk, secretary, or—in their absence—any officer, director, or manager. Allowing a "plaintiff to serve someone other than those individuals listed in § 60-304(d) would violate the clear language of the statute and would not substantially comply with the statutory requirements." *Zesiger v. Leavenworth Cnty., Kan.*, No. 25-CV-02295-JAR-RES, 2025 WL 2966132, at *9 (D. Kan. Oct. 21, 2025) (quotation cleaned up).

In sum, plaintiff hasn't complied with the rules of service, nor has he substantially complied. The court considers the consequences of plaintiff's failure to serve properly, next.

### C. Next Steps

The court grants defendants' Motion to Strike (Doc. 37) and quashes the improper service on defendants. The court thus lacks personal jurisdiction over defendants. This has consequences for plaintiff's Motion for Default (Doc. 28), which seeks default and default judgment, because both require personal jurisdiction. 10A *Wright & Miller's Federal Practice & Procedure* § 2682 (4th ed. 2025) ("Before a default can be entered, the court must have . . . jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."); *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered."). And so, the court must deny plaintiff's Motion for Default (Doc. 28). With service found improper, the court next must decide the course this case should chart.

Rule 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) also rewards a plaintiff who shows good cause for failing to serve: "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. United States/U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)).

Defendants urge the court not to follow this general rule. They assert that the court shouldn't give plaintiff any more time to perfect service. Doc. 37 at 5. Defendants point out that the court already has extended plaintiff's time to serve. They're right. Plaintiff knew he had service problems in November 2024, when all summons directed to defendants came back unexecuted. Doc. 10; Doc. 11; Doc. 12; Doc. 13; Doc. 14; Doc. 15; Doc. 16. To prompt plaintiff's compliance, Judge Schwartz gave plaintiff months of additional time to correct his service issues. She also warned him multiple times about the risk of dismissal, should he fail to fix those shortcomings. Doc. 20; Doc. 24 at 4; Doc. 26; Doc. 29; Doc. 31. Plaintiff hasn't fixed anything, and he hasn't asked for more time to do so. *See generally* Doc. 38. Plaintiff, the court finds, hasn't shown good cause for his failure to serve defendants in a timely fashion.

In sum, plaintiff has had ample opportunity to resolve this issue. The court doesn't see what additional time or another opportunity would accomplish. The court thus grants defendants' Motion to Dismiss (Doc. 37) and dismisses plaintiff's Complaint without prejudice for failure to serve.

Below, the court provides one more—and alternative—reason for dismissing plaintiff's Complaint without giving him additional time to serve: it would be futile.

**D.     Futility**

The court need not give a plaintiff an opportunity to re-serve a defendant if "proper service of process would be futile[.]" *Gregory*, 942 F.2d at 1500. Defendants insist that's the case here. Recall that plaintiff asserts claims for (1) race, national origin, and age discrimination, (2) retaliation, and (3) defamation. Doc. 1 at 1, 3, 5. The first two claims arise under Title VII and the ADEA. *Id.* at 1. Defendants argue that these two claims can't possibly succeed because plaintiff didn't bring this lawsuit in time.[6] Doc. 37 at 5–6.

In an employment-discrimination case, a plaintiff "must timely pursue legal action upon conclusion of the administrative proceedings." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1186 (10th Cir. 2006). Title VII requires that, when the EEOC "completes its investigation of a charge and finds that there is not reasonable cause to believe that an unlawful employment practice has occurred," the EEOC must issue a "determination." 29 C.F.R. § 1601.19(a). That determination—also called a right-to-sue letter—must inform the aggrieved party "of the right to sue in Federal district court within 90 days of receipt of the determination." *Id.*; *see also* 42 U.S.C. § 2000e-5(f)(1) (requiring EEOC to notify the aggrieved person if EEOC hasn't filed a civil action or entered into conciliation agreement and "within

---

[6]     Defendants don't provide the legal standard the court should use to determine whether an extension of time would prove futile. Doc. 37 at 5. To overcome this important omission, the court follows *Gregory* and applies a Rule 12(b)(6) standard. 942 F.2d at 1500–01. For a complaint to survive a Rule 12(b)(6) motion, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). The ADEA contains the same 90-day rule. 29 U.S.C. § 626(e).

This 90-day filing requirement "functions like a statute of limitations.[.]" *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). And the statute of limitations is an affirmative defense. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). It's difficult to resolve an affirmative defense at the motion-to-dismiss stage because, "[t]ypically, facts must be developed to support dismissing a case based on the statute of limitations." *Id.* "But a statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* (quotation cleaned up).

Here, plaintiff's Complaint provides that the EEOC didn't decide in his favor in January 2024. Doc. 1 at 10. But he didn't file this lawsuit until August 20, 2024—well beyond the 90-day window. Doc. 1. In a filing attached to his Complaint, plaintiff claims that he got his right-to-sue letter on May 29, 2024. Doc. 1-1 at 1. But that's not correct. In the attached May 29 letter, the EEOC declined to re-issue the January 4 right-to-sue letter, despite plaintiff's insistence that he never received the January 4 letter.[7] Doc. 1-1 at 3. So, the January 4 letter remains the controlling date. Indeed, plaintiff references the January letter in his Complaint. Doc. 1 at 10. So, the date in the Complaint—confirmed by the date on the letter attached to the

---

[7] Usually, a court only may consider the complaint to decide a motion to dismiss. But "courts may also consider documents that a plaintiff (1) attaches to [his] complaint; (2) incorporates by reference in [his] complaint; or (3) refers to in [his] complaint and that are central to [his] complaint and indisputably authentic." *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024). The court may consider this May 29 letter at the motion-to-dismiss stage because plaintiff attached it to his Complaint, and no one disputes its authenticity.

14

Complaint[8]—makes it clear. Plaintiff's right to sue "has been extinguished." *Herrera*, 32 F.4th at 991 (quotation cleaned up).

The burden to overcome this statute-of-limitations problem thus shifts to plaintiff. "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Plaintiff hasn't responded to defendant's untimeliness argument. *See* Doc. 38. He hasn't invoked any equitable tolling or estoppel arguments. *See generally id.* As a result, plaintiff has failed to shoulder his burden, and the court concludes that his Title VII and ADEA claims are untimely.

This conclusion just leaves plaintiff's defamation claim. This is a state law claim, and it can't save plaintiff's case here in federal court. Our Circuit prefers that when a district court dismisses all federal claims, it typically should decline to exercise supplemental jurisdiction over state law claims. *See I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012 (10th Cir. 2024) ("The 'district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.'" (quoting *Foxfield Villa. Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020))). This decision is committed to the district court's sound discretion. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004). The court, recognizing its discretion, sees no reason to depart from our Circuit's general directive. So, even if it gave plaintiff more time to serve the defendants

---

[8]  The court may consider this January 4 letter at the motion-to-dismiss stage because plaintiff attached the right-to-sue letter to his Complaint, Doc. 1-1 at 2 and referenced the letter in his Complaint, Doc. 1 at 10. And no one has disputed the authenticity of this letter. So, the court may consider it. *See above* n.7.

with his defamation claim, the court would dismiss plaintiff's federal law claims as untimely and decline to exercise supplemental jurisdiction over plaintiff's state law claim.

In sum it would prove futile to give plaintiff more time to serve. The court thus declines to do so.

## IV.     Conclusion

The court grants defendants' Motion to Strike (Doc. 37) and quashes plaintiff's service on defendants. So, the court lacks personal jurisdiction over defendants and must deny plaintiff's Motion for Default (Doc. 28). It declines to give plaintiff additional time to serve defendants, so it grants defendants' Motion to Dismiss (Doc. 37) and dismisses plaintiff's claims without prejudice for failure to serve.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Default (Doc. 28) is denied.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Strike and Dismiss plaintiff's claims (Doc. 37) is granted.

**IT IS SO ORDERED.**

**Dated this 4th day of December, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
